SELAH DOUD *vs.* MOSES HALL.

Evidence that a party to a suit was, at the time of the trial, nearly seventy years old, had had a paralysis within three years, was of weak mind and poor memory, had an idiotic look, was sometimes stupid, but brighter some days than others, and that on one occasion within a few days of the trial he was unable to move or dress himself and did not seem to understand anything about his business, does not so clearly show that he was insane, within the meaning of Gen. Sts. *c.* 131, § 14, as to require this court to grant a new trial on account of the admission of the other party to testify in his own favor.

CONTRACT against the maker of a promissory note.
At the trial in the superior court, before *Vose*, J., the plaintiff

Doud *v.* Hall.

was called as a witness to testify in his own favor, to which the defendant's counsel objected on the ground that the defendant was insane, and offered the following testimony:

Dr. Julius A. Rising, the family physician of the defendant for many years, testified that the defendant was between sixty-five and seventy years old; that in December 1861 he had a paralysis; that he was of very weak mental capacity, and had a feeble memory and an idiotic look; that within a few days before the trial, upon being asked how old he was, he hesitated and did not reply; that he could not understand an inquiry whether he recollected giving a note to the plaintiff, and finally said he did not know about giving such a note, and remarked that the present suit troubled him, and his eyes filled with tears. Another witness testified that about ten days before the trial the defendant was unable to move or dress himself alone, was "all of a tremble" and did not seem to understand anything about his business; that sometimes he was very stupid, and gave no indication of his natural wants; but was brighter some days than others.

Upon this evidence, the judge, being of opinion that the defendant was not insane, within the meaning of Gen. Sts. *c.* 131, § 14, permitted the plaintiff to testify; and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*B. Palmer*, for the defendant.

*A. J. Fargo*, for the plaintiff.

METCALF, J. By the Gen. Sts. *c.* 131, § 14, "where one of the original parties to the cause of action on trial is dead, or is shown to the court to be insane, the other party shall not be permitted to testify in his own favor." On the trial of this case, evidence of the defendant's insanity was offered and received, for the purpose of excluding the testimony of the plaintiff. The judge was of opinion that the defendant was not insane, and allowed the plaintiff to testify in support of his action. As all the testimony concerning the defendant's insanity at the time of the trial is reported in the bill of exceptions, the decision of the judge is rightfully before us for revision. *Quinsigamond Bank* v. *Hobbs*, 11 Gray, 250. But we are of opinion

that, though the evidence shows great weakness of the defend‑ ant's mind, yet it does not so clearly show his insanity as to require us to sustain the exceptions.

*Exceptions overruled.*